PER CURIAM.
Relators, relatives of an interdicted adult, filed a petition to remove the interdict’s curator pursuant to La. R.S. 9:1025. In connection with that petition, relators filed a motion to recuse the trial judge. The trial judge denied the motion to re-cuse without a hearing, on the grounds relators lacked procedural capacity to seek recusal. The court of appeal denied writs on this issue. This application followed.
*534 A motion to recuse may be brought by a “party.” La.Code Civ. P. art. 154. While the Code of Civil Procedure does not provide a definition of the term “party,” La. Code Civ. P. art. 681, found in the chapter entitled “Parties Plaintiff,” provides “[except as otherwise provided by law, an action can be brought only be a person having a real and actual interest which he asserts.” By operation of La. R.S. 9:1025, relators have a “real and actual interest” in removing the curator. Therefore, for purposes of the petition to remove the curator, relators are parties who may seek to recuse the trial court.
Accordingly, the writ is granted. The judgment of the trial court is vacated and set aside and the case remanded to the trial court for consideration of relators’ motion to recuse on the merits.[1]
TRAYLOR and KNOLL, JJ., would deny the writ.

. If the trial court finds that the grounds are not valid, the court may deny the motion without referring it to another judge. State v. Williams, 601 So.2d 1374 (La.1992). If the court finds the grounds are valid, it should follow the provisions in La.Code Civ. P. art. 154.